# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH SCHESSLER,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>BASS,<br><br>　　　　　Defendant. | Case No. 1:23-cv-01012-BAM (PC)<br><br>ORDER CONSTRUING PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO OPT OUT OF ADR AS MOTION FOR SETTLEMENT CONFERENCE<br>(ECF No. 21)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR SETTLEMENT CONFERENCE<br>(ECF No. 21) |

Plaintiff Joseph Schessler ("Plaintiff") is a state prisoner proceeding *pro se* in this civil rights action pursuant to 42 U.S.C. § 1983. This action proceeds against Defendant Bass for retaliation and for denial of free exercise of religion in violation of the First Amendment, and for violation of the Bane Act, California Civil Code section 52.1. All parties have consented to Magistrate Judge jurisdiction. (ECF Nos. 6, 11.)

On October 5, 2023, the Court identified this case as an appropriate case for the post-screening ADR (Alternative Dispute Resolution) project, and stayed the action to allow the parties an opportunity to settle their dispute before the discovery process begins. (ECF No. 15.) The Court's order granted Defendant thirty days to investigate and determine whether to opt out of the post-screening ADR project. (*Id.*)

///

1

On November 6, 2023, Defendant filed a motion to opt out of post-screening alternative dispute resolution and a request to vacate the settlement conference. (ECF No. 16.) The Court granted the motion on November 7, 2023, lifted the stay, and vacated the settlement conference set for December 4, 2023. (ECF No. 17.)

Currently before the Court is Plaintiff's opposition to Defendant's motion to opt out, filed November 14, 2023. (ECF No. 21.) Plaintiff objects to the motion, arguing that it was untimely filed and should be denied, and requests that the case proceed to a settlement conference. (*Id.*) Plaintiff has also filed his confidential settlement statement. (ECF Nos. 19, 20.)

As the Court has already granted Defendant's motion and vacated the settlement conference, the Court construes Plaintiff's opposition as a motion for the case to be set for a settlement conference. Defendant has not had an opportunity to file a response, but the Court finds a response unnecessary. The motion is deemed submitted. Local Rule 230(l).

Plaintiff is informed that Defendant's motion to opt out was not filed late. Pursuant to the October 5, 2023 order referring the case to post-screening ADR, Defendant was to file a notice of opt out within thirty days. Thirty days from October 5, 2023 was Saturday, November 4, 2023. Federal Rule of Civil Procedure 6 provides that if the last day of a deadline "is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday." Fed. R. Civ. P. 6(a)(1)(C). Accordingly, Defendant's motion was filed on Monday, November 6, 2023, and was timely filed.

To the extent Plaintiff requests that this action be reset for a settlement conference notwithstanding the timeliness of Defendant's motion to opt out, Plaintiff is advised that without a clear indication from all parties to the action that they are willing to discuss settlement, the Court does not find that it would be an efficient use of judicial resources to set this case for a settlement conference at this time. The parties are reminded that they are free to settle this matter without judicial involvement at any time by communicating among themselves. If in the future the parties jointly decide that this action would benefit from a Court-facilitated settlement conference, or if they are able to reach an independent settlement agreement, they may so inform the Court.

Accordingly, IT IS HEREBY ORDERED as follows:

1. Plaintiff's opposition to Defendant's motion to opt out of ADR, (ECF No. 21), is CONSTRUED as a motion for settlement conference; and

2. Plaintiff's motion for settlement conference, (ECF No. 21), is DENIED, without prejudice.

IT IS SO ORDERED.

Dated:   **November 16, 2023**              /s/ *Barbara A. McAuliffe*
                                            UNITED STATES MAGISTRATE JUDGE