# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH SCHESSLER,<br><br>               Plaintiff,<br><br>   v.<br><br>BASS,<br><br>               Defendant. | Case No.  1:23-cv-01012-BAM (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR CDCR TO PROVIDE PLAINTIFF WITH MEANINGFUL ACCESS TO THE COURT, WITHOUT PREJUDICE, AS MOOT<br><br>(ECF No. 18) |

      Plaintiff Joseph Schessler ("Plaintiff") is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983.  This action proceeds against Defendant Bass ("Defendant") for retaliation and denial of free exercise of religion in violation of the First Amendment, and for violation of the Bane Act, California Civil Code 52.1.  All parties have consented to United States Magistrate Judge jurisdiction. (ECF Nos. 6, 11.)

      On June 10, 2024, Plaintiff filed an "Ex Parte Application for Order Directing CDCR to Provide Plaintiff with Meaningful Access to the Court."  (ECF No. 24.)  Plaintiff alleged that he had been unable to obtain copies of documents relevant and necessary to his prosecution of this action when the law librarian refused to copy a California Correctional Health Care Services ("CCHCS") memo that was in Plaintiff's possession, pursuant to an internal CDCR policy directive.  (*Id.*)  In light of these allegations, the Court directed Defendant to file a response.  (ECF No. 25.)  Defendant filed a response on August 2, 2024.  (ECF No. 30.)  Although Plaintiff

1  has not yet had the opportunity to file a reply brief, the Court finds further briefing unnecessary.
2  The motion is deemed submitted.  Local Rule 230(l).

3        Defendant's response states that at issue is a 2016 directive from B. Choate at Sacramento
4  Headquarters ("the Directive"), directing library staff to cease providing copies of memoranda to
5  inmates unless they are specifically addressed to the "To" line of a memorandum.  (ECF No. 30.)
6  The Directive was issued in response to a safety and security concern regarding the potential
7  disclosure of personally identifiable information protected under state law.  While there is an
8  exception to the Directive for the copying of legal documents to provide inmates meaningful
9  access to the courts, because the Directive is silent on the legal documents exception, a
10 misunderstanding occurred when Plaintiff requested the prison librarian at Valley State Prison to
11 make a copy of the relevant CCHCS memo.  The California Department of Corrections and
12 Rehabilitation ("CDCR") acknowledges that the Directive is outdated and warrants further
13 consideration.  CDCR is in the process of implementing new policies related to this issue, but any
14 statewide policy needs to be done in stages after CDCR conducts a careful examination of all
15 relevant laws and regulations to ensure compliance and efficacy.  (*Id.*)

16       In the interim, counsel for CDCR has collaborated with Mr. H. Castro, the Public Records
17 Act Coordinator at Valley State Prison, to ensure Plaintiff's access to the courts.  Plaintiff may
18 make copies of any memorandum of CDCR or CCHCS that is either produced by Defendant or
19 after obtaining clearance from Mr. Castro that the memorandum does not pose a safety or security
20 risk.  When a determination is required, Plaintiff can seek assistance from the prison librarian to
21 contact Mr. Castro.  Defendant therefore contends that Plaintiff's request for injunctive relief is
22 now moot, as CDCR has recognized the issue with the Directive and taken corrective action to
23 ensure Plaintiff's ability to obtain future copies of legal documents.  (*Id.*)

24       Based on the foregoing, it appears that the misunderstanding regarding Plaintiff's ability
25 to copy legal documents relevant to this action has now been resolved.  As the relief Plaintiff
26 requests is a court order directing CDCR to copy any and all documents that are necessary and
27 relevant to the litigation of this action, and to serve a copy of the order on H. Castro, the Court
28 finds that Plaintiff's motion is now moot.  The motion is denied, without prejudice to re-filing

should Plaintiff encounter the same issue at Valley State Prison or a future CDCR institution.

Accordingly, Plaintiff's Motion for CDCR to Provide Plaintiff with Meaningful Access to the Court, (ECF No. 24), is HEREBY DENIED as moot, without prejudice to re-filing.

IT IS SO ORDERED.

Dated:   **August 5, 2024**            /s/ Barbara A. McAuliffe           
UNITED STATES MAGISTRATE JUDGE