# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH SCHESSLER,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>BASS,<br><br>　　　　　Defendant. | Case No. 1:23-cv-01012-BAM (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS<br>(ECF No. 29)<br><br>ORDER GRANTING PLAINTIFF'S MOTION FOR EXTENSION OF TIME TO FILE DISPOSITIVE MOTION *NUNC PRO TUNC*<br>(ECF No. 35) |

**I.     Procedural History**

　　Plaintiff Joseph Schessler ("Plaintiff") is a state prisoner proceeding *pro se* in this civil rights action pursuant to 42 U.S.C. § 1983.  This action proceeds against Defendant Bass ("Defendant") for retaliation and denial of free exercise of religion in violation of the First Amendment, and for violation of the Bane Act, California Civil Code 52.1.  All parties have consented to United States Magistrate Judge jurisdiction.  (ECF Nos. 6, 11.)

　　On July 24, 2024, Plaintiff filed a motion to compel production of documents together with a motion for an order overruling Defendant's objections to Plaintiff's request for production of documents.  (ECF No. 29.)  Defendant filed an opposition to the motion to compel on August 14, 2024.  (ECF No. 32.)  Plaintiff did not file a reply, and the deadline to do so has expired.

　　On September 9, 2024, Plaintiff filed a motion to stay deadline to file dispositive motion or for 30-day extension of time to file a dispositive motion.  (ECF No. 35.)  During the pendency

1

1  of Plaintiff's motion to stay or for extension of time, Defendant filed a motion for summary
2  judgment on September 16, 2024, and a statement of non-opposition to Plaintiff's motion for
3  extension of time on September 24, 2024.  (ECF Nos. 36, 37.)  Plaintiff filed an opposition to
4  Defendant's motion for summary judgment, (ECF Nos. 38, 39), and a cross-motion for summary
5  judgment, (ECF No. 40).  Following an extension of time, (ECF No. 42), Defendant filed a reply
6  in support of Defendant's motion for summary judgment and an opposition to Plaintiff's cross-
7  motion for summary judgment.  (ECF Nos. 43, 44.)  Plaintiff filed a reply in support of his cross-
8  motion for summary judgment.  (ECF No. 45.)  The parties' motions for summary judgment are
9  fully briefed.

10  Plaintiff's motion to compel and motion for stay or extension of time are deemed
11  submitted.  Local Rule 230(l).

12  **II.     Plaintiff's Motion to Compel**

13  In his motion to compel, Plaintiff challenges Defendant's responses and supplemental
14  responses to Plaintiff's Requests for Production of Documents and Electronically Stored
15  Information, Set One, Nos. 3–5, 7–11, 14, and 16–17.  (ECF No. 29.)  Plaintiff states that he
16  served his first set of requests for production on Defendant on February 22, 2024.  (*Id.* at 2.)
17  Defendant served responses on May 9, 2024, and Plaintiff served a meet and confer letter on
18  Defendant on May 30, 2024.  (*Id.* at 2–3.)  Defendant served a formal response to Plaintiff's meet
19  and confer letter on June 19, 2024, and on June 20, 2024 served a supplemental response to
20  Plaintiff's requests for production.  (*Id.* at 3.)  Defendant served a second supplemental response
21  on June 27, 2024.  (*Id.*)  Although Plaintiff has not attached as exhibits all of the parties' relevant
22  correspondence, Defendant does not appear to contest the accuracy of this timeline or Plaintiff's
23  reproduction of Defendant's responses and supplemental responses.  (*See* ECF No. 32.)

24  **A.     Legal Standards**

25  Under Rule 37 of the Federal Rules of Civil Procedure, "a party seeking discovery may
26  move for an order compelling an answer, designation, production, or inspection."  Fed. R. Civ. P.
27  37(a)(3)(B).  The court may order a party to provide further responses to an "evasive or
28  incomplete disclosure, answer, or response."  Fed. R. Civ. P. 37(a)(4).  "District courts have

'broad discretion to manage discovery and to control the course of litigation under Federal Rule of Civil Procedure 16.'" *Hunt v. Cty. of Orange*, 672 F.3d 606, 616 (9th Cir. 2012) (quoting *Avila v. Willits Envtl. Remediation Trust*, 633 F.3d 828, 833 (9th Cir. 2011)).

The moving party bears the burden of informing the Court: (1) which discovery requests are the subject of the motion to compel; (2) which of the responses are disputed; (3) why the response is deficient; (4) why any objections are not justified; and (5) why the information sought through discovery is relevant to the prosecution or defense of this action. *McCoy v. Ramirez*, 2016 WL 3196738 at *1 (E.D. Cal. 2016); *Ellis v. Cambra*, 2008 WL 860523, at *4 (E.D. Cal. 2008) ("Plaintiff must inform the court which discovery requests are the subject of his motion to compel, and, for each disputed response, inform the court why the information sought is relevant and why defendant's objections are not justified.").

In responding to requests for production, a party must produce documents or other tangible things which are in their "possession, custody or control." Fed. R. Civ. P. 34(a). Responses must either state that inspection and related activities will be permitted as requested or state an objection to the request, including the reasons. Fed. R. Civ. P. 34(b)(2)(B). A reasonable inquiry must be made, and if no responsive documents or tangible things exist, Fed. R. Civ. P. 26(g)(1), the responding party should so state with sufficient specificity to allow the Court to determine whether the party made a reasonable inquiry and exercised due diligence, *Uribe v. McKesson*, No. 08cv1285 DMS (NLS), 2010 WL 892093, at *2–3 (E.D. Cal. Mar. 9, 2010).

Actual possession, custody or control is not required. "A party may be ordered to produce a document in the possession of a non-party entity if that party has a legal right to obtain the document or has control over the entity [that] is in possession of the document." *Soto v. City of Concord*, 162 F.R.D. 603, 619 (N.D. Cal. 1995); *see also Allen v. Woodford*, 2007 WL 309945, at *2 (E.D. Cal. Jan. 30, 2007) ("Property is deemed within a party's possession, custody, or control if the party has actual possession, custody, or control thereof or the legal right to obtain the property on demand.").

The scope of discovery under Rule 26(b)(1) is broad. Discovery may be obtained as to any unprivileged matter "relevant to any party's claim or defense." *Id.* Discovery may be sought

3

of relevant information not admissible at trial if it is "proportional to the needs of the case, considering the importance of the issues at stake in the action the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." *Id.*  However, discovery may be limited if it "is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive;" if the party who seeks discovery "has had ample opportunity to obtain the information by discovery in the action;" or if the proposed discovery is irrelevant or overly burdensome.  Fed. R. Civ. P. 26(b)(2)(C)(i), (ii), and (iii).

**B.     Plaintiff's Requests for Production ("RFPs") Nos. 3–5, 7–11, 14, and 16–17**

RFP No. 3:

Produce all CCHCS DOCUMENTS related to COVID RISK TRANSFERS of inmates for the period of 1/1/2020 to 4/30/2022.

Response to RFP No. 3:

Objection.  This request is vague and ambiguous as to "COVID risk transfers."  It is overly broad in time and scope and seeks information disproportional to the needs of this case, considering the importance of the issues at stake and the importance of discovery in resolving those issues.  It fails to describe Plaintiff's targeted documents with reasonable particularity required under Federal Rules of Civil Procedure Rule 34(b)(1)(A).  Therefore, it is burdensome and harassing.

Subject to and without waiving the objections, Defendant produces the following documents:

- COVID-19 and Seasonal Influenza: Interim Guidance for Health Care and Public Health Providers, Appendix 15: Provider Script – Offering Cell Housing to Patients at High Risk of Severe Covid-19;
- COVID 19 Screening and Testing Matrix for Patient Movement on January 8, 2021;
- COVID 19 Screening and Testing Matrix for Patient Movement on April 27, 2021;
- COVID 19 Screening and Testing Matrix for Patient Movement on May 10, 2021;

4

1. - COVID 19 Screening and Testing Matrix for Patient Movement on June 18, 2021;
2. - COVID 19 Screening and Testing Matrix for Patient Movement on December 27, 2021;
3. - COVID 19 Screening and Testing Matrix for Patient Movement on April 1, 2022;
4. - Movement Matrix Memo on April 27, 2021;
5. - Movement Matrix Memo on June 22, 2021.

Supplemental Response to RFP No. 3:

Subject to and without waiving the objections,[1] Defendant supplements the following documents:

- Email: Updated: COVID-19 Screening and Testing Matrix for Patient Movement dated May 10, 2021 (AG000142);
- California Correctional Health Care Services Memorandum: COVID-19 Risk Transfers dated October 19, 2020 (AG000143–AG000147);
- California Correctional Health Care Services Memorandum: COVID-19 Risk Transers [sic] – Revised Dated November 9, 2020 (AG000148–AG000149).

Ruling on RFP No. 3:

Plaintiff's motion to compel as to RFP No. 3 is denied. Plaintiff argues that RFP No. 3 was not vague or ambiguous, because Plaintiff was able to provide Defendant with a copy of a memorandum using the term "COVID-19 RISK TRANSFERS" as an example, and specified that he was seeking the policies in effect at the time of the incident (April 2022) related to what happens after an inmate is identified as high risk for COVID. Plaintiff contends that Defendant's supplemental responses failed to address the memoranda or other related categories in RFP No. 3, and states, "Are we to believe that there were no other memoranda or other categories of documents related to 'COVID RISK TRANSFERS', and that the November 9, 2020 Memorandum is the policy that was in effect in April 2022?" (ECF No. 29, p. 11.)

The Court cannot compel a party to produce documents that do not exist or are not in their possession, custody, or control, and Defendant "conducted a reasonable and diligent search for

---

[1] For the sake of brevity, the Court will not reproduce any objections in Defendant's supplemental responses that are already set forth in Defendant's original responses.

1 the relevant documents, including searching CDCR's and CCHCS's database, the Office of
2 Attorney General, Correctional Law Section's internal database concerning CDCR's and
3 CCHCS's COVID policies, and conferring with Defendant and Defendant's direct supervisor,
4 Correctional Counselor M. Gallardo." (ECF No. 32, p. 3.)  Plaintiff's only support for his
5 assertion that Defendant is withholding additional requested documents is pure speculation.

6     While Plaintiff may believe that additional documents exist and are in the possession of
7 Defendant, in the absence of legal or fact-based substantive deficiencies, he is required to accept
8 the responses provided.  Mere distrust and suspicion regarding discovery responses do not form a
9 legitimate basis to further challenge responses which are facially legally sufficient.  In the
10 absence of evidence to the contrary, which has not been presented here, Plaintiff is required to
11 accept Defendant's response that the specific requested documents do not exist or are not in
12 Defendant's possession.  *See Mootry v. Flores*, 2014 WL 3587839 at *2 (E.D. Cal. 2014).
13 Moreover, signed discovery responses are themselves certifications to the best of the person's
14 knowledge, information, and belief formed after a reasonable inquiry, Fed. R. Civ. P. 26(g)(1)(B)
15 (quotation marks omitted), as are other signed filings presented to the Court, *see* Fed. R. Civ. P.
16 11(b).  *See also* Fed. R. Civ. P. 33(c).  Further, Defendant is required to supplement their
17 discovery responses should they learn that their responses were incomplete or incorrect, if the
18 incomplete or incorrect information has not otherwise been made known to Plaintiff, as has
19 already been done here.  Fed. R. Civ. P. 26(e)(1) (quotation marks omitted).

20     In addition, despite Plaintiff's attempts to provide an example of a document including his
21 specified search term or to narrow the time frame of his request, Plaintiff may not modify his
22 original request for production using a motion to compel.  *O'Connor v. Cal. Dep't of Corr. &*
23 *Rehab*, Case No. 2:19-cv-0658 KJM KJN P, 2021 WL 4147106 at *6, (E.D. Cal. Sept. 13, 2021)
24 (citing *Lopez v. Florez*, Case No. 1:08-cv-01975-LJO-JLT, 2013 WL 1151948 at *3 (E.D. Cal.
25 Mar. 19, 2013)); *Harris v. Kernan*, Case No. 2:17-cv-0680 TLN KJN P, 2019 WL 3500515 at *3,
26 n.3 (E.D. Cal. Aug. 1, 2019) (plaintiff cannot amend discovery request within motion to compel);
27 *Hisle v. Conanon*, Case No. 1:17-cv-01400-LJO-SAB, 2018 WL 4444959 at *7 (E.D. Cal. Sept.
28 14, 2018) (plaintiff seeking to narrow discovery request must do so by way of new request, not

1 motion to compel).

2 RFP No. 4:

3 Produce all CDCR DOCUMENTS related to COVID RISK TRANSFERS of inmates for
4 the period of 1/1/2020 to 4/30/2022.

5 Response to RFP No. 4:

6 Objection. This request is vague and ambiguous as to "COVID risk transfers." It is
7 overly broad in time and scope and seeks information disproportional to the needs of this case,
8 considering the importance of the issues at stake and the importance of discovery in resolving
9 those issues. It fails to describe Plaintiff's targeted documents with reasonable particularity
10 required under Federal Rules of Civil Procedure Rule 34(b)(1)(A). Therefore, it is burdensome
11 and harassing. Additionally, it also seeks information that, if disclosed, may violate the privacy
12 rights of third parties.

13 Subject to and without waiving the objections, Defendant produces the following
14 documents:

15 - Email from Captain Nicole Danbacher dated September 17, 2021;
16 - Email between Captain Nicole Danbacher and Correctional Counselor Michelle Gallardo
17   on September 28, 2021;
18 - Email from Captain Nicole Danbacher dated October 27, 2021;
19 - Email from Captain Nicole Danbacher dated November 12, 2021;
20 - Email from Captain Nicole Danbacher dated December 10, 2021;
21 - Email from Captain Nicole Danbacher dated December 31, 2021.

22 Supplemental Response to RFP No. 4:

23 Subject to and without waiving the objections, Defendant supplements the following
24 documents:

25 - California Department of Corrections and Rehabilitation Memorandum: COVID Transfer
26   Registry Now Available to Custody and Health Care Staff Dated October 6, 2020
27   (AG000150–AG000153);
28 - Email from Captain N. Danbacher dated November 12, 2021 (AG000154).

7

Ruling on RFP No. 4:

Plaintiff's motion to compel as to RFP No. 4 is denied. Plaintiff argues that Defendant's objections to RFP No. 4 are overgeneralized and lacking merit, because Defendant produced certain related emails but refused to produce additional emails in response to Plaintiff's original request and narrower and clarified definition of the original request. (ECF No. 29, pp. 15–16.)

As with RFP No. 3, the Court cannot compel Defendant to produce documents that do not exist or are not in their possession, custody, or control. Defendant states that the produced emails "were all the documents located which were deemed responsive to the request," (ECF No. 32, p. 4), and in the absence of evidence to the contrary, Plaintiff is required to accept the responses provided. *See Mootry*, 2014 WL 3587839 at *2. Again, Plaintiff's attempt to provide a narrower or clarifying definition of his original request, or to request more particular documents, such as emails authored specifically by Captain Danbacher or any documents guiding Danbacher in the drafting of the produced emails, constitute an improper amendment to Plaintiff's discovery request which Defendant was not required to answer within the context of the meet and confer process or in response to Plaintiff's motion to compel. *Hisle*, 2018 WL 4444959 at *7 (plaintiff seeking to narrow discovery request must do so by way of new request, not motion to compel).

RFP No. 5:

Produce all CCHCS DOCUMENTS related to HOUSING OF INMATES WITH A COVID RISK SCORE OF 3 OR HIGHER for the period of 1/1/2020 to 4/30/2022.

Response to RFP No. 5:

Objection. This request is vague and ambiguous regarding "housing of inmates with a COVID risk score of 3 or higher." It is overly broad in time and scope and seeks information disproportional to the needs of this case, considering the importance of the issues at stake and the importance of discovery in resolving those issues. It fails to describe Plaintiff's targeted documents with reasonable particularity required under Federal Rules of Civil Procedure Rule 34(b)(1)(A). Therefore, it is burdensome and harassing. Additionally, it also seeks information that, if disclosed, may violate the privacy rights of third parties and private protected health information that, if disclosed, may violate the Health Insurance Portability and Accountability

8

Act. *See* 45 CFR 164.530(c). It may also violate the California Confidentiality of Medical Information Act. *See* CA Civ Code § 56.10.

Subject to and without waiving the objections, Defendant produces the following documents:

- COVID-19 and Seasonal Influenza: Interim Guidance for Health Care and Public Health Providers, Appendix 15: Provider Script – Offering Cell Housing to Patients at High Risk of Severe Covid-19.

Ruling on RFP No. 5:

Plaintiff's motion to compel as to RFP No. 5 is denied on the same grounds as RFP No. 4. Plaintiff's clarification that he seeks additional documents related to "forced cell housing" as opposed to the produced document "offering cell housing" constitutes a new discovery request. Plaintiff may not narrow, clarify, or otherwise present a new and different request during the meet and confer process or in his motion to compel, and Plaintiff is required to accept Defendant's assertion that after conducting "a reasonable and diligent search, including searching databases and talking to multiple pertinent personnel at CDCR and CCHCS," no further responsive documents exist as to this request. (ECF No. 32, p. 6.)

RFP No. 7:[2]

Produce all CCHCS ON THE JOB TRAINING DOCUMENTS related to the COVID RISK REGISTRY that is required of all CC IIs or other staff who chair Classification Committees, including but not limited to the TRAINING MODULE, for the period of 1/1/2020 to 4/30/2022.

Response to RFP No. 7:

Objection. Compound. This request is vague and ambiguous as to "on the job training," "COVID risk registry," and "training module." The request is irrelevant under FRCP 26(b)(1) because Defendant Bass did not calculate Plaintiff's COVID risk score. Additionally, this request calls for pure speculation, lacks foundation, and is argumentative.

---

[2] As the parties addressed RFP Nos. 7–9 together, (ECF No. 29, pp. 22–23; ECF No. 32, pp. 6–7), the Court also provides a joint ruling on RFP Nos. 7–9, below.

9

After a reasonable search and diligent inquiry, no records of specialized training concerning COVID risk registry were located.

Supplemental Response to RFP No. 7:

Additionally, this request seeks the production of privileged official information. Disclosure of such information also constitutes an invasion of privacy.

Subject to and without waiving the objections, Defendant supplements the following documents:

- California Correctional Health Care Services Memorandum: COVID-19 Risk Transfers dated October 19, 2020 (AG000143–AG000147);
- California Correctional Health Care Services Memorandum: COVID-19 Risk Transfers – Revised Dated November 9, 2020 (AG000148–AG000149).

RFP No. 8:

Produce all CDCR ON THE JOB TRAINING DOCUMENTS related to the COVID RISK REGISTRY that is required of all CC IIs or other staff who chair Classification Committees, including but not limited to the TRAINING MODULE, for the period of 1/1/2020 to 4/30/2022.

Response to RFP No. 8:

Objection. Compound. This request is vague and ambiguous as to "on the job training," "COVID risk registry," and "training module." Additionally, this request calls for pure speculation, lacks foundation, and is argumentative.

After a reasonable search and diligent inquiry, no records of specialized training concerning COVID risk registry were located.

Supplemental Response to RFP No. 8:

In addition, this request seeks the production of privileged official information. Disclosure of such information also constitutes an invasion of privacy.

After a reasonable search and diligent inquiry, no records of specialized training provided by CDCR concerning COVID risk registry were located.

RFP No. 9:

1    Produce a copy of YOU CERTIFICATION MEMORANDUM as proof of YOUR
2    TRAINING related to the COVID RISK REGISTRY.
3    <u>Response to RFP No. 9</u>:
4    Objection. Compound. This request is vague and ambiguous as to "certification
5    memorandum," "training," and "COVID risk registry." The request is irrelevant under FRCP
6    26(b)(1) because Defendant Bass did not calculate Plaintiff's COVID risk score. Additionally,
7    this request calls for pure speculation, lacks foundation, and is argumentative.
8    After a reasonable search and diligent inquiry, no records of specialized training
9    certificates concerning COVID risk registry were located.
10   <u>Supplemental Response to RFP No. 9</u>:
11   This request is vague and ambiguous as to "on the job training," "COVID risk registry,"
12   and "training module." Additionally, this request seeks the production of privileged official
13   information. Disclosure of such information also constitutes an invasion of privacy.
14   Subject to and without waiving the objections, Defendant supplements the following
15   documents:
16   - Defendant's Training Transcript from January 1, 2020, to December 31, 2020
17     (AG000155–AG000172);
18   - Defendant's Training Transcript from January 1, 2021, to April 30, 2022 (AG000173–
19     181).
20   <u>Ruling on RPF Nos. 7–9</u>:
21   Plaintiff's motion to compel as to RFP Nos. 7–9 is denied. Plaintiff confirms that
22   Defendant provided supplemental responses to RFP Nos. 7 and 9, but argues that additional
23   specific documents, such as a "Certification Memorandum" were not produced. Plaintiff further
24   contends that Defendant was not qualified to chair Plaintiff's UCC hearing unless he can produce
25   his Certification Memorandum.
26   While Plaintiff is free to raise a substantive argument that Defendant was not qualified to
27   chair Plaintiff's UCC hearing absent specific documentation or certification of his training, this
28   argument does not itself provide a basis for the Court to compel Defendant to produce a

11

document that apparently does not exist.  Defendant asserts that the training transcript provided in Supplemental Response to RFP No. 9 proves that the particular training was completed, and Plaintiff is again free to argue at a later time that more specific documentation was required to demonstrate that training was completed.

Finally, Defendant states that two other documents responsive to Plaintiff's request were recently discovered and would be provided to Plaintiff as soon as the documents became available, further demonstrating that Defendant continues to meet his obligation to supplement his discovery responses if he learns his responses were incomplete or incorrect, pursuant to Federal Rule of Civil Procedure 26(e)(1).  (ECF No. 32, p. 7.)

RFP No. 10:

Produce a copy of the COVID RISK REGISTRY from VSP for each day from 1/1/2022 to 4/30/2022.  For the privacy of the inmates, names may be redacted leaving only the first letter of the first and last name of each individual.

Response to RFP No. 10:

Objection.  This request is vague and ambiguous as to "COVID risk registry."  It is irrelevant and disproportional to Plaintiff's claims and defenses at issue as Defendant Bass was not assigned to any of those inmates as a correctional counselor.  Furthermore, it seeks private protected health information that, if disclosed, may violate the Health Insurance Portability and Accountability Act.  *See* 45 CFR 164.530(c).  It may also violate the California Confidentiality of Medical Information Act.  *See* CA Civ Code § 56.10.  For the preceding reasons, Defendant will not respond to this request.

Supplemental Response to RFP No. 10:

Subject to and without waiving the objections, Defendant supplements the following documents:

- Plaintiff's COVID risk registry from January 2020 to Present (AG000118);
- VSP COVID risk registry on April 4, 2022 (AG000129).

Ruling on RFP No. 10:

Plaintiff's motion to compel as to RFP No. 10 is denied.  Plaintiff argues that other

1    inmates, whether Defendant was assigned as their counselor or not, were permitted two or three
2    weeks, and sometimes a month or longer prior to being vaccinated or transferred.  There are no
3    privacy concerns because Plaintiff asked to have inmate names redacted and assigned a numerical
4    identification.  Plaintiff references several versions of the COVID risk registry from different
5    dates and encompassing different groups of inmates, (*see* ECF No. 29, pp. 55, 57, 59), already
6    produced by Defendant, to demonstrate that Defendant is able to produce COVID risk registries
7    from the specified time period without violating any inmate privacy rights.  Plaintiff further
8    argues that the requested lists are not likely to be extensive, as by 2022 they would only include
9    inmates with an alleged change in medical condition that raised their COVID risk score ("CRS"),
10   like Plaintiff.  Plaintiff states that the registry is updated twice daily, and Plaintiff's CRS was
11   raised to a 3 in March 2022.  Plaintiff should therefore be in the registry on March 9, 2022,
12   because that is the exact date he received an inhaler for a dry cough.  Plaintiff contends that his
13   request is very narrow because it encompasses only four months out of at least an 18-month
14   registry.  Plaintiff requests the production of the VSP COVID Risk Registry for each day from
15   1/1/2022 to 4/30/2022, so that Plaintiff can discover when he first appeared on the Registry, and
16   for use in conjunction with RFP No. 11 to determine how much time other inmates were
17   permitted to be vaccinated or transferred at the time relevant to this litigation.
18           While Plaintiff argues that Defendant was able to produce other COVID Risk Registries,
19   either with redactions or without insurmountable privacy concerns, it is not clear to the Court that
20   the previously-produced documents are the same type as those now requested or that they will
21   provide the information Plaintiff purports to seek.  For example, the October 15, 2020 COVID
22   Risk Custody Patient Registry contains no redactions, although it includes such identifying
23   information as inmates' ethnicity, age, release date, and most recent COVID test collection date.
24   (ECF No. 29, p. 55.)  Even if Defendant provided copies of such a report for VSP over the
25   requested time period, it would be unduly burdensome to require Defendant to first identify each
26   individual inmate listed, before assigning them a unique numerical identifier as Plaintiff requests
27   so that he may track their COVID risk score over time.  In the form that the data apparently
28   exists, this would not serve Plaintiff's purpose of determining how much time any individual

1  inmate listed was permitted before being required to be vaccinated or transferred.

2  Similarly, the April 4, 2022 VSP Covid risk registry that includes Plaintiff and two other
3  inmates whose information was redacted includes no information about how much time each
4  inmate was permitted before being required to be vaccinated or transferred.  Plaintiff has not
5  provided any basis for his argument that these registries were updated (and generated) on a daily
6  or twice-daily basis, but even assuming such daily or twice-daily reports exist, it would be unduly
7  burdensome to require Defendant to redact and then assign unique identifiers for each inmate
8  listed on such reports over the specified four months.

9  Finally, it is relevant to Plaintiff's claims and discovery requests whether Defendant was
10 assigned as a counselor or the chairman of other inmates' classification committees.  Plaintiff
11 speculates that other inmates, not assigned to Defendant, were permitted additional time to decide
12 whether to be vaccinated or transferred after appearing on the COVID risk registry.  However,
13 whether other inmates were afforded different treatment by persons other than Defendant is not
14 relevant to whether Defendant treated Plaintiff differently from the way Defendant treated other
15 inmates.  Defendant has produced discovery related to the treatment received by the two other
16 inmates subject to the same April 4, 2022 directive as Plaintiff.  Requests for information
17 regarding other inmates who were not associated with Defendant as a counselor or a classification
18 committee chair are beyond the scope of Plaintiff's claims and not proportional to the needs of
19 the case.  Fed. R. Civ. P. 26(b)(1) and (b)(2)(C)(iii).

20 RFP No. 11:

21 Produce a copy of each CLASSIFICATION COMMITTEE 128 G CHRONO
22 GENERATED FOR EACH INMATE IDENTIFIED IN REQUEST 10, fully redacted except for
23 the inmate's initials, the COMMITTEE ACTION SUMMARY AS RELATED TO COVID, and
24 the DATE OF COMMITTEE, whether or not the chrono was voided.

25 Response to RFP No. 11:

26 Objection.  Compound.  It is irrelevant and disproportional to Plaintiff's claims and
27 defenses at issue as Defendant Bass was not assigned to any of those inmates as a correctional
28 counselor.  Furthermore, it seeks private protected health information that, if disclosed, may

1  violate the Health Insurance Portability and Accountability Act. *See* 45 CFR 164.530(c). It may
2  also violate the California Confidentiality of Medical Information Act. *See* CA Civ Code
3  § 56.10. For the preceding reasons, Defendant will not respond to this request.

Supplemental Response to RFP No. 11:

Subject to and without waiving the objections, Defendant supplements the following documents:

After a reasonable and diligent search, no 128 G Chrono was generated for either inmates identified in Request No. 10 other than Plaintiff. Both inmates elected to receive the COVID-19 vaccine, negating the need for a UCC meeting to schedule a transfer. Defendant supplements the following emails to that effect.

- Email from Nurse Garcia dated April 4, 2022, regarding inmate #1 (AG000130–AG0000132);
- Email from Nurse Garcia dated April 4, 2022, regarding inmate #2 (AG000133–135).

Ruling on RPF No. 11:

Plaintiff's motion to compel as to RFP No. 11 is denied. As discussed above with respect to RFP No. 10, Defendant has already produced emails relevant to the other two inmates identified in the April 4, 2022 COVID Risk Registry and demonstrating that no 128 G Chronos were generated. No further inmate information will be disclosed pursuant to RFP No. 10, and therefore no further 128 G Chronos or emails need be produced.

To the extent Plaintiff argues that 128 G Chronos are generated immediately after an inmate is notified that he must be vaccinated or transferred, and that the voided Chrono remains in the inmate's C File even if the inmate agrees to vaccinate, appears based only on Plaintiff's own experience or pure speculation. This is not sufficient to require additional production of documents that Defendant states do not exist.

To the extent Plaintiff seeks emails in addition to the originally-requested 128 G Chronos, Plaintiff may not modify his request for production using a motion to compel. *O'Connor*, 2021 WL 4147106 at *6 (citing *Lopez*, 2013 WL 1151948 at *3).

RFP No. 14:

1          Produce a copy of all CDCR DOCUMENTS related to "COVID HERD IMMUNITY",
2   meaning CDCR's target percentage of inmates vaccinated to achieve the "herd immunity" from
3   COVID, as recommended and defined by the CENTER FOR DISEASE CONTROL for the
4   period of 1/1/2020 to 4/30/2022.

5          Response to RFP No. 14:

6          Objection.  This request is vague and ambiguous as to "COVID herd immunity," "herd
7   immunity," and "target percentage."  It is overly broad in scope and seeks information
8   disproportional to the needs of this case, considering the importance of the issues at stake and the
9   importance of discovery in resolving those issues.  It fails to describe Plaintiff's targeted
10  documents with reasonable particularity required under Federal Rules of Civil Procedure Rule
11  34(b)(1)(A).  It lacks foundation, is argumentative, and improperly assumes that CDCR had a
12  policy concerning herd immunity or target percentage.  Requiring Defendant to respond to this
13  request is harassing.  Answering Defendant will not respond to this request.

14         Supplemental Response to RFP No. 14:

15         After a reasonable search and diligent inquiry, no records of COVID herd immunity were
16  located.

17         Ruling on RPF No. 14:

18         Plaintiff's motion to compel as to RFP No. 14 is denied.  Plaintiff's unwillingness to
19  believe Defendant conducted a reasonable search and diligent inquiry does not form a legitimate
20  basis to further challenge responses which are facially legally sufficient.  Defendant's efforts
21  "included searching CDCR's database, CCHCS's database, the Office of Attorney General,
22  Correctional Law Section's internal database concerning CDCR's and CCHCS's COVID
23  policies, and conferring with Defendant, Defendant's direct supervisor, Correctional Counselor
24  M. Gallardo, then-VSP's Public Health Nurse, Mr. Garcia, and CCHCS's Deputy Medical
25  Executive, Dr. H. Bauer."  (ECF No. 32, pp. 10–11.)  Nevertheless, Defendant asserts that no
26  responsive documents were found.  In the absence of evidence to the contrary, which has not been
27  presented here, Plaintiff is required to accept Defendant's response that the specific requested
28  documents do not exist or are not in Defendant's possession.  *See Mootry*, 2014 WL 3587839 at

1. *2.

2. RFP No. 16:[3]

3. Produce a copy of all DOCUMENTS authored by CAPTAIN NICOLE DANBACHER
4. related to COVID, including but not limited to EMAILS TO CLASSIFICATION AND PAROLE
5. REPRESENTATIVES (C&PRs) for the period of 1/1/2020 to 4/30/222.

6. Response to RFP No. 16:

7. Objection. Compound. Vague and ambiguous. It is overly broad in scope and time and
8. seeks information disproportional to the needs of this case, considering the importance of the
9. issues at stake and the importance of discovery in resolving those issues. It fails to describe
10. Plaintiff's targeted documents with reasonable particularity required under Federal Rules of Civil
11. Procedure Rule 34(b)(1)(A). Requiring Defendant to respond to this request is burdensome and
12. harassing. Additionally, it seeks information that, if disclosed, may violate the privacy rights of
13. third parties and private protected health information that, if disclosed, may violate the Health
14. Insurance Portability and Accountability Act. *See* 45 CFR 164.530(c). It may also violate the
15. California Confidentiality of Medical Information Act. *See* CA Civ Code § 56.10.

16. Subject to and without waiving the objections, Defendant produces the following
17. documents:

18. - Email from Captain Nicole Danbacher dated September 17, 2021;
19. - Email between Captain Nicole Danbacher and Correctional Counselor Michelle Gallardo
20.   on September 28, 2021;
21. - Email from Captain Nicole Danbacher dated October 27, 2021;
22. - Email from Captain Nicole Danbacher dated November 12, 2021;
23. - Email from Captain Nicole Danbacher dated December 10, 2021;
24. - Email from Captain Nicole Danbacher dated December 31, 2021.

25. Supplemental Response to RFP No. 16:

26. Subject to and without waiving the objections, Defendant supplements the following

---

[3] As Plaintiff addressed RFP Nos. 16–17 together, (ECF No. 29, pp. 36–37), the Court also provides a joint ruling on RFP Nos. 16–17, below.

documents:

- Email from Captain Nicole Danbacher dated November 12, 2021 (AG000154).

RFP No. 17:

Produce a copy of all EMAILS RELATED TO PLAINTIFF JOSEPH SCHESSLER, G31533, between M. BASS CC II, P. VELASCO CC I, RASMUSSEN CC I, GARCIA PUBLIC HEALTH NURSE, and others between 4/1/2022 to present.

Response to RFP No. 17:

Objection. This request is overly broad in scope and time and seeks information disproportional to the needs of this case, considering the importance of the issues at stake and the importance of discovery in resolving those issues. To the extent that Plaintiff seeks information created in anticipation of, or for the purposes of, this litigation, Defendant objects to his production based on attorney-client and attorney work-product privileges. It also seeks information that, if disclosed, may violate the privacy rights of third parties.

Subject to and without waiving the objections, Defendant produces the following documents:

- Email from M. Gallardo re. Schessler's Vaccination Status Inquiry on April 12, 2022;
- Email from M. Bass re. Refusing COVID Vaccine on April 12, 2022;
- Email from M. Bass re. Willingness to get COVID Vaccine on April 19, 2022;
- Email from P. Garcia re. scheduling for Monday on April 20, 2022;
- Email from P. Garcia and M. Gallardo re. Vaccination on April 24, 2024 [sic].

Ruling on RPF Nos. 16–17:

Plaintiff's motion to compel as to RFP Nos. 16–17 is denied. Despite the scope of the original requests, Plaintiff states that he now requests that Defendant produce all documents, including emails, related to Captain Danbacher's communications with a non-party Officer Mensing, related to a letter Plaintiff sent to Danbacher dated April 29, 2022, and Mensing's communications back to Danbacher. (ECF No. 29, p. 37.)

Plaintiff's original RFP No. 16 is overly broad in scope and time, requesting all documents authored by Captain Danbacher related to COVID, over more than two years.

1  Defendant explains that Captain Danbacher, as part of the Population Management Unit, oversaw
2  all COVID-related transfers during the pandemic. Plaintiff's request essentially requires the
3  disclosure of tens of thousands of emails over two years. This broad request was not sufficient to
4  place Defendant on notice that Plaintiff was specifically requesting communications between
5  Captain Danbacher and Officer Mensing regarding a single letter sent by Plaintiff to Captain
6  Danbacher, on April 29, 2022, the second to last day of the two year time period. Nor did
7  Plaintiff's original RFP No. 17 place Defendant on notice of the communications sought, as RFP
8  No. 17 did not identify Captain Danbacher, Officer Mensing, or Plaintiff's April 29, 2022 letter.
9  Plaintiff's request to include emails from "others" to any of the listed individuals was not
10 sufficient to describe with "reasonable particularity" the communications sought. Fed. R. Civ. P.
11 34(b)(1)(A).
12    Finally, the Court accepts Defendant's assertion that a search was conducted regarding
13 Plaintiff's April 29, 2022 letter to Captain Danbacher, and no records were found. Plaintiff's
14 exhibits, purporting to be a copy of the April 29, 2022 letter to Captain Danbacher and a June 2,
15 2022 journal entry regarding a conversation between Plaintiff and Captain Mensing, lack any
16 indicia of authenticity. In the absence of evidence to the contrary, which has not been presented
17 here, Plaintiff is required to accept Defendant's response that the specific requested documents do
18 not exist or are not in Defendant's possession. *See Mootry*, 2014 WL 3587839 at *2.

**III.    Request for Sanctions**

In his motion to compel, Plaintiff also requests an award of reasonable expenses under FRCP 37(a)(5)(A). (ECF No. 29, pp. 37–38.) Plaintiff claims total costs of $25.30 in copying expenses in preparing his motion to compel and meet and confer correspondence. (*Id.*) As Plaintiff's motion to compel is denied as to all RFPs at issue, the Court finds that sanctions are not appropriate at this time.

**IV.    Plaintiff's Motion to Stay or Extend Dispositive Motion Deadline**

On September 9, 2024, Plaintiff moved the Court to stay the dispositive motion deadline pending resolution of Plaintiff's motion to compel. (ECF No. 35.) Plaintiff argued that if the Court ordered further production, it would be premature to file a dispositive motion. In the

alternative, Plaintiff moved the Court for a 30-day extension of time to file his own dispositive motion, because he was concurrently litigating a civil action in the Madera County Superior Court, Case No. MCV086460, writing a civil Appellant's Opening Brief in the California Court of Appeal, Case No. F087527, and engaging in continuing post-conviction discovery in the Los Angeles Superior Court, Case No. VA100500. (*Id.*)

On September 24, 2024, Defendant filed a statement of non-opposition to Plaintiff's motion for extension of time. (ECF No. 37.) Plaintiff filed a motion for summary judgment on October 16, 2024. (ECF No. 40.) The deadline for filing all dispositive motions (other than a motion for summary judgment for failure to exhaust) was September 16, 2024. (ECF No. 18.)

As discussed above, Plaintiff's motion to compel is denied as to all RFPs at issue, and as such, a stay of the dispositive motion deadline or ruling on the pending summary judgment motions is unnecessary, as no further production has been ordered. In light of Defendant's non-opposition to Plaintiff's request and the prompt filing of Plaintiff's motion for summary judgment, the Court grants Plaintiff's motion for extension of time to file his own dispositive motion, *nunc pro tunc*.

**V.     Order**

Based on the foregoing, IT IS HEREBY ORDERED as follows:

1. Plaintiff's motion to compel, (ECF No. 29), is DENIED;
2. Plaintiff's motion for 30-day extension of time to file a dispositive motion, (ECF No. 35), is GRANTED, *nunc pro tunc*; and
3. The parties' cross-motions for summary judgment, (ECF Nos. 36, 40), will be decided in due course.

IT IS SO ORDERED.

Dated:  **August 4, 2025**                    /s/ *Barbara A. McAuliffe*
                                              UNITED STATES MAGISTRATE JUDGE